## HANNAH WHITE & others *vs.* NELSON CURTIS & others.

A bill in equity is multifarious, which seeks to redeem a mortgage of an entire estate, and a subsequent mortgage by one tenant in common of his share in a part of the estate.

The omission to join, as a defendant to a bill in equity, the administrator of one whose death is alleged in the bill cannot be taken advantage of by demurrer, when it does not appear by the bill that there is any such administrator.

It is no ground of demurrer that the inhabitants of the county are not made parties to a bill in equity to redeem a mortgage, which states that after the making of the mortgage a large portion of the land mortgaged was taken by the county commissioners for a high way, but does not state that any damages were sustained or claimed by the owner of the land, whose time for claiming such damages has expired.

A prayer, in a bill in equity to redeem a mortgage, for an assignment which the court has no power to grant, is no ground of demurrer.

BILL IN EQUITY by the widow and five heirs of Richard White, to redeem two mortgages of a mill and land in Roxbury. The bill set forth a mortgage made on the 13th of December 1827, by Richard White, the owner of the whole estate, to Joseph Lynde and David Waite, and assigned on the 6th of October 1851 to Nelson Curtis, and the entry of Curtis on the 7th of November 1851 to foreclose this mortgage; the death of Richard White on the 14th of April 1846, intestate, leaving a widow and six children, the plaintiffs and Richard White, Jr.; " that, previously to the death of said Richard White the elder, a large portion of said mortgaged estate was taken by the county commissioners of the county of Norfolk, and a road or highway, called Tremont Road, laid out over the same ; " that Richard White, Jr. upon the death of his father, became a tenant at will of the remainder of the premises or of part thereof, and on the 1st of February 1851 delivered up the same to the plaintiffs ;

that while he was tenant at will of the premises, on the 7th of August 1851, he and Mary E. White, one of the other heirs, mortgaged to Curtis, subject to the first mortgage, and to the widow's right of dower, their two undivided sixth parts of that portion of the estate which had not been taken for a road or highway, and Curtis on the 16th of April 1851 entered upon these premises for foreclosure; that Curtis subsequently transferred, or agreed to transfer both mortgages, and all his rights acquired under the same and under his entries for foreclosure, to one Weston, an officer or other agent of the Naumkeag Bank, and that Weston now held said transfer, or agreement therefor, for the benefit of the Naumkeag Bank; and that since the entry for foreclosure, made in April 1851, possession of said estate had been retained, and the rents and profits thereof received, by Curtis, or by Curtis and his said assignee; and that all the interest of Richard White, Jr. in the land covered by the second mortgage was afterwards purchased by the Naumkeag Bank. The bill prayed for a discovery and an account, and that the plaintiffs might be permitted to redeem, and that, on payment of the sums due, both mortgages might be assigned to the plaintiffs, or the first mortgage assigned to them, and the second to the plaintiff Mary E. White.

Each of the defendants demurred to the bill for multifariousness, in praying for a redemption of two several mortgages, made by different mortgagors, upon different premises, and payable at different times and upon different conditions, the rights of redemption of which, if they exist at all, are in distinct and separate parties, and in which the defendants have several and distinct interests. The Naumkeag Bank assigned, as an additional cause of demurrer, that the administrator of Richard White the elder, and the inhabitants of the county of Norfolk, should have been made parties; inasmuch as it was stated in the bill that said White " died intestate, after having made the first mentioned mortgage, and covenanted therein that his heirs, executors and administrators should pay the same, and left the same unpaid;" and that, " previously to the death of the said White, a large portion of said mortgaged estate was taken

by the county commissioners of said county for a road or highway." And the Naumkeag Bank and Weston also demurred to so much of the bill as prayed for assignments of the mortgages to the plaintiffs, for want of jurisdiction in this court to order such assignment.

*J. H. Wakefield,* for the defendants. 1. The bill is multifarious, for the reasons assigned in the demurrers. Story Eq. Pl. §§ 271, 279, 533. 1 Dan. Ch. Pract. (Amer. ed.) 383, 384, 386, 621. *Dimmock* v *Bixby,* 20 Pick. 377.

2. All parties, interested in the subject matter of the suit, and who would be affected by the decree, ought, generally, to be made. parties. 1 Dan. Ch. Pract. (Amer. ed.) 240 *&amp; notes.* The personal estate of the deceased constitutes the primary fund for the payment of his debts ; and the Naumkeag Bank, as owner of one sixth of the portion of the mortgaged premises remaining after the road was laid out, and thus standing in the place of an heir, has a right to have the first mortgage paid out of the personal estate, if sufficient. 1 Story on Eq. § 571, and cases cited. Story Eq. Pl. §§ 172, 174, 182. 2 Williams on Executors, (4th Amer. ed.) 1443. And especially has the bank an equitable right to have any damages, paid or to be paid for the land taken for the road, applied to the payment of the first mortgage, as a part of the fund charged with its payment. If the damages have not been assessed and paid, the county commissioners are interested in their payment to the proper party ; and if not assessed, in their assessment. Rev. Sts. *c.* 24. It does not appear from the bill that the estate of Richard White has been settled and distributed to his heirs. His administrator and the county commissioners should therefore have been made parties.

3. This court has no jurisdiction in equity, except what is given by statute. *Black* v. *Black,* 4 Pick. 238. *Charles River Bridge* v. *Warren Bridge,* 6 Pick. 395. *Pratt* v. *Bacon,* 10 Pick. 126. *Stone* v. *Hobart,* 8 Pick. 466. *Holland* v. *Cruft,* 20 Pick. 325. *Attaquin* v. *Fish,* 5 Met. 140. *Mitchell* v. *Green,* 10 Met. 101. It has therefore no jurisdiction to decree the assignments prayed for. Rev. Sts. *c.* 81, § 8. An assignment of the mortgage, foreclosed, as it would be, would give a title in fee,

and thus cut off the rights of subsequent mortgagees to redeem; and would give different estates from those which the parties are entitled to; the widow taking one sixth part, and the other plaintiffs the remainder; instead of the widow taking her dower, and the heirs the whole estate subject to her dower. The plaintiffs offer to redeem, only upon condition of having the assignments, which is not the offer required by the statute. The court may decree that they may redeem; but can only order that they shall hold the premises discharged of the mortgage. Rev. Sts. *c.* 107, §§ 14–23.

*J. J. Clarke & L. Shaw, Jr.* for the plaintiff. 1. As all the parties to this bill are properly before the court as parties to a bill to redeem the first mortgage, the bill is not rendered multifarious by inserting a prayer of Mary E. White, one of the plaintiffs, to be allowed to redeem a second mortgage of an undivided portion of the same land, held by the same defendants; as it is necessary to prevent further litigation between the same parties, and does not tend to embarrass the defence or to produce confusion. *Goodrich* v. *Staples*, 2 Cush. 263. *Robinson* v. *Guild*, 12 Met. 323. *Niles* v. *Nye*, 13 Met. 135. 1 Dan. Ch. Pract. 384.

2. The objection to the non-joinder of the personal representative of Richard White should have been made by plea or answer, and not by demurrer. 1 Barb. Ch. Pract. 115, 116. Story Eq. Pl. § 236. 1 Dan. Ch. Pract. 336, 337. And it was not necessary to make him a party; because he could not be compelled to redeem this mortgage, for the benefit of the Naumkeag Bank; the rule of law being that a purchaser of land, with notice that it is under mortgage, takes it subject to the mortgage, and is not entitled to have the mortgage paid off by the mortgagor or his representatives. *Cumberland* v. *Codrington*, 3 Johns. Ch. 229. *Bigelow* v. *Bush*, 6 Paige, 343. *Cherry* v. *Monro*, 2 Barb. Ch. 618. *Brooks* v. *Harwood*, 8 Pick. 497.

The inhabitants of Norfolk county should not have been made parties to the bill, (1.) Because this is not the form in which parties, who sustain damages by the taking of their land for a highway, can seek redress. Rev. Sts. *c.* 24. (2.) Because

all claims against the county, for land taken for the highway mentioned in the bill, are barred by lapse of time. Rev. Sts. *c.* 24, § 14. *Monagle* v. *County Commissioners,* 8 Cush. 360. (3.) Be- cause the Naumkeag Bank, who claim through Richard White, Jr. can take no greater right than he had ; and as the portion of the estate not taken for the road descended to him and his co-heirs, subject to the first mortgage, he could not have claimed contri- bution from the county as the heir of his father, if he had paid the amount of the first mortgage. *Harbert's Case,* 3 Co. 11. *Gill* v. *Lyon,* 1 Johns. Ch. 447. *Clowes* v. *Dickenson,* 5 Johns. Ch. 235, 240. *Allen* v. *Clark,* 17 Pick. 47.

3. This court has jurisdiction to compel the assignment of the mortgages to the plaintiffs ; and the bill presents a proper case for the exercise of that power. Rev. Sts. *c.* 107, § 29. *Allen* v. *Clark,* 17 Pick. 47. *Parkman* v. *Welch,* 19 Pick. 238 *Gibson* v. *Crehore,* 5 Pick. 152, 153. *Brown* v. *Worcester Bank* 8 Met. 50. *Niles* v. *Nye,* 13 Met. 138.

MERRICK, J. Though there is no positive or inflexible rule as to what, in the sense of courts of equity, shall constitute multi- fariousness, it is sufficiently plain that the present bill is fairly obnoxious to that objection. Distinct and unconnected matters are united in it. It alleges two independent causes of action, in which all the plaintiffs have not a common interest. And to meet these allegations, the defendants would be subjected to the inconvenience and disadvantage of combining in their answer and defence the various separate and disconnected matters which have relation to these several causes of complaint. All the plaintiffs have a joint interest in redeeming the estate de- scribed in the bill from the mortgage upon it which was made to Waite and Lynde by Richard White in the year 1827 ; but no one of them, except Mary E. White, is subject to any liabil- ity by reason of the conveyance in mortgage to Nelson Curtis executed by her and her brother Richard, or has any right of redeeming their undivided share of the estate from the incum- brance created by it. Beside this, it is to be considered that the two mortgages do not describe or incumber exactly the same estate ; for, before the last mortgage deed was executed, a con-

siderable portion of the land which was embraced in the former had been taken for a public highway and appropriated to the public use. The rights of redemption from the two mortgages are therefore not only not in the same parties, but the terms and conditions upon which they are respectively entitled to exercise their several rights are necessarily and essentially different. The combination of these separate and disconnected matters in one bill therefore makes it multifarious; and for this cause the demurrer, which is the proper mode of taking advantage of such an objection, must be sustained. Story Eq. Pl. §§ 271, 530.

But it does not necessarily follow that the bill is, on this account, to be dismissed; for in this stage of the cause an amendment is allowable, if desired by the plaintiffs; and upon striking out so much of it as relates to the one or the other of the mortgages, and making the proper corresponding changes in relation to the parties, no reason is seen why this objection of the defendants may not be removed, and the bill still be maintained for the redemption of the premises.

2. Whenever the want of proper parties appears upon the face of the bill, such a defect constitutes a good cause of demurrer; and the defendants insist that they may avail themselves of that objection, inasmuch as the administrator of Richard White and the inhabitants of the county of Norfolk are not, as they should have been, made parties to the present bill. But the necessity or propriety of so introducing them is not apparent from any of its averments, or from all of them taken together. Indeed, in reference to the estate of Richard White, it does not appear from the bill that any administrator exists or was ever appointed; and therefore it cannot be said that the omission to name him as a party is a defect apparent upon its face sufficient to justify a demurrer to the bill. And as to the inhabitants of the county of Norfolk, the bill has only an averment that, after the mortgage was made by Richard White, a large portion of the mortgaged estate was taken by the county commissioners of the county of Norfolk, and a road or highway laid out over the same. But whether any damages were sustained or claimed by the owners of the land, does

not appear. It may be that, in their judgment, as well as in that of the county commissioners, the benefit to the portion of the land which remained was a full and just equivalent for the injury occasioned by the appropriation of the portion taken for a public highway. Rev. Sts. c. 24, § 31. At any rate, it was quite too late, when this bill was commenced, to institute proceedings for the recovery of damages. § 14. However the question may be considered, it must be apparent that there is no way in which the inhabitants of the county of Norfolk can have any interest in, or be in any manner affected by the proceedings upon the present bill, and therefore it would have been improper to have made them parties to it.

3. The remaining cause of demurrer relied on by the Naumkeag Bank, one of the defendants, that this court has no jurisdiction to grant the transfer and assignment of the mortgages to the plaintiffs, as prayed for by them, cannot be sustained. It is sufficient that the bill, upon the facts and averments contained and set forth in it, is within the legitimate and general jurisdiction of the court. And if it should be doubted whether the relief particularly prayed for could be granted, the doubt would be unimportant in the present instance, since the court are expressly authorized by the statute, in all suits brought for the redemption of mortgaged premises, to make whatever orders, decrees and judgments justice and equity are found, upon investigation, to require. Rev. Sts. c. 107, § 29.